### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### Case No. 8:21-cv-00249-KKM-CPT

STRIKE 3 HOLDINGS, LLC,
a limited liability company

Plaintiff,

vs.

JOHN DOE subscriber assigned IP address
47.196.166.167, an individual,

Defendant.

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA
### PRIOR TO RULE 26(f) CONFERENCE

Defendant John Doe ("Doe Defendant '166.167") hereby makes a limited appearance to file this Response in Opposition to Plaintiff Strike 3 Holdings, LLC's Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference and in support thereof, states as follows.

### I.      INTRODUCTION AND BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Strike 3") is notorious for engaging in nefarious litigation practices and has rightfully earned the title of a "copyright troll." As noted by courts across the country, "Strike 3's modus operandi is essentially the same in all of its cases." *See Strike 3 Holdings, LLC v. Doe*, No. 18-2674 (JHR/JS), 2019 WL 5446239, at *4 (D.N.J. Oct. 24, 2019). After filling its complaint, Strike 3 files *ex parte* motions for expedited discovery requesting leave to serve a subpoena on a John Doe's Internet Service Provider ("ISP") such as Comcast, Yahoo, or Verizon. After Strike 3's motion for expedited discovery is granted and its subpoena is served

and responded to, the ISP identifies the current subscriber to the listed IP address.  Strike3 then conducts an additional investigation and either settles, dismisses, or amends its complaint to specifically name the IP subscriber.

Courts across the country have issued orders unfavorable to Strike 3, on jurisdictional and other grounds.  By way of example, the United States District Court for the District of Columbia declined to permit discovery into the identity of a defendant John Doe and dismissed the case, writing:

> Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits smacking of extortion. It treats this Court not as a citadel of justice, but as an ATM. Its feigned desire for legal process masks what it really seeks: for the Court to oversee a high-tech shakedown. This Court declines.

*Strike 3 Holdings, LLC v. Doe,* 351 F. Supp. 3d 160, 166 (D.D.C. 2018).

This is Strike 3's second attempt to usurp Doe Defendant '166.167's  privacy interest in the subscriber information provided to an internet service provider.  On May 20, 2020, Plaintiff filed a complaint in Miami-Dade County Court which made general allegations of copyright infringement against various John Doe defendants, who are all identified by numerous IP addresses contained in Exhibit 1 to the complaint. As it relates to the Doe Defendant '166.167 in this case, Strike 3 sought a "pure bill of discovery" through Frontier Communications, a third-party ISP. On June 26, 2020, this Court granted Plaintiff's Motion for Frontier Communications to disclose identifying information,  On September 14, 2020 Defendant filed a Motion to Quash the Subpoena or, in the Alternative, a Motion for Protective Order.  On August 31, 2020, Strike 3 voluntarily dismissed the action and has now renewed its tolling behavior with this Court.

In order to avoid the issues of joinder under the Federal Rules of Civil Procedure, Strike 3 has now employed a "pure bill of equity" in order to continue its nefarious litigation practices. Doe

Defendant '166.167 respectfully requests that the Court short-circuit this abusive process and deny Strike 3's Motion for Leave To Serve A Third-Party Subpoena Prior to Rule 26(f) Conference.

## II.    LEGAL STANDARD

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1). A court may, for good cause shown, authorize early discovery before the Rule 26(f) conference for the convenience of the parties and witnesses, as well as in the interest of justice. *See* Fed. R. Civ. P. 26(b)(1), (d)(2).

Courts must consider the totality of the circumstances and the balancing of the interests of the plaintiff and defendant in determining whether good cause has been shown. *Better Packages v. Alan Y. Zheng*, No. Civ.A. 05-4477(SRC), 2006 WL 1373055 at *3 (D. N. J. May 17, 2006). The burden is on the moving party to show that expedited discovery is appropriate. *Techtronic Indus. N. Am., Inc. v. Inventek Colloidal Cleaners LLC*, C.A. No. 13-4255 (NLH/JS), 2013 WL 4080648, at 2 (D.N.J. Aug. 13, 2013). Expedited discovery is the exception not the norm as it upsets the normal orderly progression of discovery otherwise parties will expect expedited discovery in every case. Id. at 2-4. Courts have held that plaintiffs should not be given an opportunity through discovery to identify the unknown defendant where it is clear that discovery would not uncover the identities of the defendants. *Lesley Tracey Harris v. L. Guertin*, 2018 WL 11207220, at *8-*9 (S.D. Fla., May 18, 2018). Courts have further held that expedited discovery should not be permitted where the complaint would be dismissed on other grounds. *Id.* at 1163-64.

## III.    ARGUMENT

Strike 3 fails to evidence good cause in its request for expedited discovery for three reasons. First, Strike 3's request for expedited discovery is inappropriate because the Complaint is not sufficiently pled to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure. Second, even if the Court were to grant Strike 3's request, the expedited discovery will not lead to the true identity of the infringer, given the totality of circumstances.  Finally, and given the nature of IP address assignments, the expedited discovery may prejudice a wrongly named defendant.  Accordingly, and as detailed below, Strike 3's Motion for Leave To Serve A Third-Party Subpoena Prior to Rule 26(f) Conference must be denied.

### A. Strike 3's Claim Would Not Survive a 12(b)(6) Motion to Dismiss

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability. *Id.* at 678. Instead, the complaint must go further and nudge the claims across the line from conceivable to plausible. *Id.* Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. *Id.* at 679.  When early discovery is required in order to meet the pleading standards of *Ashcroft v. Iqbal*, early discovery should not be permitted.  *See Breaking Glass Pictures v. Doe*, No. CV-13-00600 PHX ROX, 2013 WL 3930474  (July 29, 2013).

In *Breaking Glass Pictures*, the plaintiff moved for reconsideration of the order denying its request to conduct early discovery. *Id.* at *1. Although the plaintiff argued that the records would lead to the direct identification of appropriate persons who can legally be named and served as defendants in the matter, the court held that it is not enough for plaintiff to simply identify the subscribers behind particular IP addresses. *Id.* Rather, a plausible claim must be supported by factual allegations establishing that the particular person identified as a defendant was, in fact, the individual who engaged in wrongful conduct. *Id.*

In this case, the defendant is only identified as John Doe. The Complaint contains no factual allegations setting forth that the IP account holder was in fact the individual using the internet connections at the relevant time of the copyright infringement. Similar to *Breaking Glass Pictures*, Strike 3 does not know who was using the internet connection at the time the alleged infringement occurred. *See id.* Strike 3 <u>needs</u> the expedited discovery in order to unearth the factual basis for Strike 3's claims. While it is conceivable that the subscriber in this case was using the internet connection, it is equally plausible that someone other than the subscribers were using the connection. If this Court were to grant Strike 3's Motion, Strike 3 would then have to amend its Complaint to allege the facts supporting its claim against each individual were purportedly was using the internet connection. *See id.*

Strike 3's claims cannot survive a motion to dismiss for failure to state a cause of action as the complaint merely states allegations that are also consistent with Doe Defendant '166.167***not*** being liable for the alleged copyright infringement.  Accordingly, Strike 3 should not be allowed to use this Court to unearth the factual basis for its claims as this is precisely the conundrum the justice system desires to avoid.

## B.  *Expedited Discovery Would Not Uncover the Identities of the True Infringer(s)*

Expedited discovery would not uncover the identity of the true infringer(s) due to the nature of IP address assignment and reassignment.  *See Call of the Wild Movie, LLC v. Does 1-1, 062*, 770 F. Supp.2d 332, 356 (D.D.C. 2011). Although static IP addresses remain set for a specific user, dynamic IP addresses (which are the most common for consumer IP addresses) may be reassigned to many different computers in a short period of time, often occurring when a user accesses the internet. *See id.*

The lease period for each IP address is approximately 6-8 days and after the expiration of the lease, the assignment of an IP address to a particular computer may or may not be renewed. *See United States v. Vosburgh*, 602 F.3d 512, 523 (3d Cir. 2010). The fact that IP addresses change so frequently creates a significant opportunity for misidentification. *State v. Reid*, 194 N.J. 386, 390-391 A.2d 503 (N.J. 2008). Associating a dynamic IP address with a particular customer at a given moment makes the task of discovering the identify of a particular infringer more difficult. *Klimas v. Comcast Cable Communications, Inc.*, No. 02-CV-72054-DT, 2003 WL 23472182, at *5 (E.D. Mich. July 1, 2003). *See also Malibu Media v. Joe Park*, Civil Action No. 17-12107, 2019 WL 2960146 (July 9, 2019) (rejecting plaintiff's request for expedited discovery because merely tying a defendant to an IP address is not sufficient to establish copyright infringement).

The methods employed by Strike 3 to identify potential infringers are historically unreliable, and there is a high potential for embarrassment given the salacious subject matter of the copyrighted materials in question.  Due to the nature of assigning IP addresses, Strike 3's request for expedited discovery would not uncover the identity of the true infringer based on the totality of the circumstances. Without more information, it is dangerous to assume that the IP address listed by Strike 3 permanently belongs to one subscriber. The chances that the Strike 3 will be able to determine whether a cause of action exists from an IP address alone are slim, and thus, the chances for embarrassment, and the undue burden of publicizing the private information requested by the subpoena, all weigh in favor of protecting the rights of Doe Defendant '166.167.  Without more, this Court should not allow plaintiff to sacrifice accuracy for expediency by granting plaintiff privy to subscribers' information without more.

*C.  Expedited Discovery May Prejudice a Wrongfully Named Defendant*

Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *First Time Videos, LLC v. John Doe,* No. CIVS-11-3478 GEB EFB, 2012 WL 170167 at *4-*5 (E.D. Cal. Jan. 19, 2012). In fact, courts must balance the need to provide injured parties with a forum where they may seek redress for grievances against the legitimate and valuable right to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identify. *Id.* at *5-*6.

Strike 3's discovery tactics have been addressed by multiple courts who have warned of the high likelihood that the subscriber whose information is ultimately released in these types of cases will not prove to be the actual infringer. *See Pacific Century Intern. Ltd. v. Does 1-101*, No. C-11-02533 (DMR), 2011 U.S. Dist. LEXIS 124518, at *2 (N.D. Cal. Oct. 27, 2011); *See also Strike 3 Holdings, LLC v. Doe*, No. 17-cv- 07060-LB, 2018 U.S. Dist. LEXIS 4765, at *7. Rather, Strike 3's discovery request must be tailored to actually identify the copyright infringer. *See Strike 3 Holdings, LLC*, 351 F. Supp. 3d at 164. Courts have rejected similar discovery tactics and fishing expeditions employed by other plaintiffs. *See e.g., Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145-47 (9th Cir. 2018) (the mere fact that a defendant was a registered subscriber of a particular IP address, without anything more, did not create a reasonable inference that the defendant was the infringer because unknown third parties can also piggyback off of unsecured wireless connections).

In this case, the information that Strike 3 seeks in asking for expedited discovery may unjustly prejudice a wrongfully named defendants in a lawsuit when considering the totality of the circumstances. The mere fact that a defendant is a registered subscriber of a particular IP address, without anything more, does not create a reasonable inference that the defendant is the infringer.

At this stage of litigation, similar to the case in *Cobbler*, the potential pool of infringers includes too many unknown parties including third parties who may have piggybacked off of Doe Defendant '166.167's unsecured wireless connections. The pool of potential infringers may also include unknown devices having the ability to use the same IP address as the account holder unknowingly. At this early stage of litigation, the pool of potential infringers is too great, as anyone in the world with a potential connection to that IP address may be the infringer. There is a high risk that Strike 3 could be attacking an innocent internet user similar if Strike 3 is made privy to this private information through expedited discovery.

## IV.    CONCLUSION

For the foregoing reasons, Doe Defendant '166.167 respectfully requests that this Court denies Plaintiffs Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference as Plaintiff fails to show good cause.

Dated: March 29, 2021

Respectfully Submitted,

_____
Joycelyn S. Brown, Esq.
**IPS Legal Group, P.A.**
1951 NW 7th Ave
Suite 600
Miami, Florida 33136
Email: jbrown@ipslegalgroup.com
Phone: 786-539-5098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 29, 2021**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: _____
     Joycelyn S. Brown
     Florida Bar No. 0058277