UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


STRIKE 3 HOLDINGS, LLC,

     Plaintiff,

v.                                                                              Case No. 8:21-cv-249-KKM-CPT

JOHN DOE subscriber assigned IP
address 47.196.166.167,

     Defendant.
_____/


**O R D E R**

Before the Court is the *Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference.*   (Doc. 10).   For the reasons discussed below, the Plaintiff's motion is granted.

I.

Plaintiff Strike 3 Holdings, LLC (Strike 3) initiated this action in February 2021, alleging copyright infringement against an individual referred to at this point only as "John Doe" (Doe Defendant).[1]   (Doc. 1).   According to Strike 3, it owns the rights

---

[1] While the Doe Defendant's gender is currently unknown, the Court will use male pronouns throughout this Order because the complaint utilizes the masculine first name of "John" to identify the Doe Defendant.

to various adult films, which it distributes through websites and other digital media. *Id.* at ¶¶ 2–3.   To combat an ongoing problem with internet piracy, Strike 3 employs geolocating and infringement detection software to track the Internet Protocol (IP) addresses that download and share the company's copyright-protected material.   *Id.* at ¶¶ 10, 17, 28–44.   As a result of its investigation, Strike 3 identified an IP address, 47.196.166.167, as one that unlawfully downloaded, copied, and distributed twenty-nine of Strike 3's protected works through the use of the internet and a peer-to-peer file sharing protocol known as BitTorrent.[2]   *Id.* at ¶¶ 4, 28–44.   Strike 3 asserts, however, that its software only enables it to discern the IP address associated with this illicit conduct and that, to find out the actual name and address of the subscriber assigned to that IP address, it must look to the Internet Service Provider (ISP) affiliated with the IP address.   *Id.*   In its complaint, Strike 3 avers that it "originally moved to discover [the Doe] Defendant's identity utilizing a state court procedure in Florida where Strike 3's infringement detection servers are located" but elected to initiate this lawsuit when the Doe Defendant objected to the state court proceeding on the grounds that the matter should be litigated in federal court instead.   *Id.* at ¶ 6.

By way of the instant motion, Strike 3 now requests that the Court grant it leave to engage in limited, expedited discovery with the Doe Defendant's ISP, Frontier Communications (Frontier), to learn the Doe Defendant's identity.   (Doc. 10).   The

---

[2]  For additional information on the BitTorrent protocol, see *Bubble Gum Prods., LLC v. Does 1–80*, 2012 WL 2953309, at *1 (S.D. Fla. July 19, 2012), and the cases cited therein.

Doe Defendant has filed a response in opposition to Strike 3's motion (Doc. 12) and—

with the Court's permission—Strike 3 has submitted a reply thereto (Doc. 15).   Strike

3's motion is therefore ripe for the Court's resolution.

II.

Federal Rule of Civil Procedure 26, as amended in 2015, generally governs the

scope and timing of permissible discovery.   That rule provides, in pertinent part, that

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case . . . ."   Fed. R.

Civ. P. 26(b)(1).   The Federal Rules generally preclude a party from seeking discovery

from any source before the parties participate in their required Rule 26(f) conference.

Fed. R. Civ. P. 26(d)(1).   The rules admit of an exception, however, where the parties

stipulate to early discovery or where—as Strike 3 seeks to do here—a party obtains

court approval in advance.   *Id.* (stating a party may seek discovery prior to Rule 26(f)

conference "when authorized by stipulation . . . or by court order").

A party seeking leave to conduct such expedited discovery must establish that

there is "good cause" for doing so.   *Richardson v. Virtuoso Sourcing Grp., L.L.C.*, 2015

WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015); *United States v. Gachette*, 2014 WL

5518669, at *1 (M.D. Fla. Sept. 26, 2014).   "In cases involving infringement via the

internet, courts often evaluate good cause by considering factors such as the

concreteness of the plaintiff's prima facie case of infringement; the specificity of the

discovery request; the absence of alternative means to obtain the subpoenaed

3

information; and the need for the subpoenaed information to advance the claim."
*Strike 3 Hldgs., LLC v. Doe*, No. 3:19-cv-335-MMH-JRK (Doc. 13 at 2) (M.D. Fla. Apr.
3, 2019) (quoting *Manny Film LLC v. Doe*, 2015 WL 12850566, at *1 (M.D. Fla. May
18, 2015)).

In the end, whether the moving party has demonstrated good cause is left to the
court's discretion. *Richardson*, 2016 WL 7468804, at *1 (citing *Crawford-El v. Britton*,
523 U.S. 574, 598 (1998)); *Tracfone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D.
692, 694 (S.D. Fla. 2014) (citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th
Cir. 2001)). Indeed, courts have "wide" latitude in defining the proper scope and
timing of discovery, *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998)
(citation omitted), and a court's decision establishing the parameters for discovery will
not be reversed on appeal unless it is based upon a "clearly erroneous principle of law"
or there is "no evidence that rationally supports" it, *Moore v. Armour Pharm. Co.*, 927
F.2d 1194, 1197 (11th Cir. 1991) (citation omitted).

### III.

The Court finds that Strike 3 has met its burden of establishing good cause to
engage in early discovery here. As attested to by its Chief Technology Officer, Strike
3 developed and employed an infringement detection system—known as VXN Scan—
to identify IP addresses associated with individuals who allegedly violated the
company's copyright protections via BitTorrent. (Doc. 10-1). After reviewing the
results of this scan, Strike 3's forensic investigator was able to determine that the Doe

Defendant's IP address had uploaded a portion of one or more of Strike 3's copyrighted works.   (Doc. 10-2).   Strike 3 also analyzed the data to confirm that the alleged infringing files detected in its investigation corresponded with those protected works.   (Doc. 10-3).

In addition to this evidence, Strike 3 has tailored its subpoena to be specific by limiting it to the Doe Defendant's name and address.   (Doc. 10-4).   Moreover, although Strike 3's forensic investigation has led to the discovery of the Doe Defendant's IP address, the identity of the user of this IP address remains unknown. (Doc. 10 at 8).   Strike 3 submits that the singular avenue for ascertaining the true name and address of the Doe Defendant is through Frontier.   *Id.*   Strike 3 also submits that Frontier will only maintain the requested information for a limited period of time and that, if this information is erased, Strike 3 will be not be able to pursue its infringement action, much less engage in a meaningful Rule 26(f) conference.   (Doc. 10 at 6, 13–14).   Under these circumstances, the Court finds that Strike 3 has shown good cause to proceed with early discovery.   *See Strike 3 Hldgs.*, No. 3:19-cv-335-MMH-JRK (Doc. 13 at 2).

The Doe Defendant's arguments to the contrary are unpersuasive.   The gist of his first contention is that Strike 3's complaint fails to establish he was the person utilizing the IP address at issue.   (Doc. 12 at 4–5) (citing *Breaking Glass Pictures, LLC v. John Does 118–162*, 2013 WL 3930474 (D. Ariz. July 29, 2013)).   The problem with this claim is twofold.   As an initial matter, at least one court has found plausible the

assertion that the subscriber of an IP address is the user who engages in infringing activity associated with that IP address. *See Strike 3 Hldgs., LLC v. Doe*, 964 F.3d 1203, 1210–11 (D.C. Cir. 2020). Even were that not the case, the Defendant's contention —as the Court previously noted in rejecting a similar argument—is one that is more appropriately pursued by way of a motion to dismiss. *See Strike 3 Hldgs., LLC v. Doe*, 2020 WL 7138621, at *4–5 (M.D. Fla. Dec. 7, 2020).

The crux of the Doe Defendant's second contention is that the likelihood Strike 3's subpoena will identify the person(s) who engaged in the challenged infringement activity is substantially outweighed by the "high potential" the Doe Defendant may be unjustly associated with this illicit conduct, thereby unnecessarily subjecting him to humiliation and the "undue burden" of having his private information publicized. (Doc. 12). This assertion also fails. To begin, the Doe Defendant offers no support for his claim that Strike 3's identification-by-subpoena method has produced "historically unreliable" results in identifying alleged infringers. In addition, a number of courts have observed that "ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material." *Strike 3 Hldgs., LLC v. Doe*, 2019 WL 1620692, at *2 (S.D.N.Y. Apr. 16, 2019) (quoting *Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 191 (S.D.N.Y. Sep. 19, 2012) and citing *Malibu Media, LLC v. John Does 1–11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 6, 2013)); *see also Strike 3 Hldgs., LLC v. Doe*, 2019 WL 5394000, at * 1 (M.D. Fla. May 6, 2019) ("[T]he privacy interests of non-infringers are not sufficient to deny [the] [p]laintiff

access to the discovery sought because, without it, [the] [p]laintiff cannot proceed with its case.").

Furthermore, while the Court recognizes that the ISP subscriber using a given IP address might not be the same individual who engaged in the infringing activity, *SBO Pictures, Inc. v. Does 1–3036*, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011), "[a]ny concern about identifying the wrong individual and subsequent undue embarrassment can be alleviated" by the implementation of a Rule 26(c) protective order or similar procedural safeguards.  *Strike 3 Hldgs.*, 2019 WL 1620692, at *2; *see also Strike 3 Hldgs., LLC v. Doe*, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019) (citing *Bubble Gum Prods., LLC v. Does 1–80*, 2012 WL 12886980, at *1 (S.D. Fla. Apr. 6, 2012)).   In fact, Strike 3 has "invite[d] the Court to enter a protective order" in this case and has represented that it "will not use [the] Doe[ Defendant's] identifying information for any improper purpose."   (Doc. 15 at 5).   Should the Doe Defendant determine that such procedural protections are warranted, he may pursue that relief after consulting with Strike 3 on the matter.

IV.

In light of all of the above, it is hereby ORDERED:

1.      *Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference* (Doc. 10) is granted.

2.      Strike 3 may serve Frontier with a subpoena pursuant to Federal Rule of Civil Procedure 45 to determine the name and address of the person to whom Frontier

has assigned the IP address 47.196.166.167.   Strike 3 may also serve a Rule 45 subpoena seeking the same information on any other ISP that may be later identified in response to the initial subpoena to Frontier.

3.       Strike 3 shall include a copy of the complaint (Doc. 1), the attachments thereto, and this Order with any subpoena and, if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. § 522(5),[3] this Order shall then be considered an appropriate court order under 47 U.S.C. § 551.[4]

4.       Any ISP that receives a subpoena pursuant to this Order shall preserve all subpoenaed information until either the ISP has delivered such information to Strike 3 or the Court renders a final determination that excuses the ISP's compliance with the subpoena.

5.       Any ISP that receives a subpoena pursuant to this Order may not charge Strike 3 in advance for providing the information requested in the subpoena.   An ISP may, however, elect to charge Strike 3 a reasonable amount for the costs of production.

---

[3] Section 522(5) of Title 47, United States Code, defines the term "cable operator" as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."

[4] Section 551(c)(2)(B) of Title 47, United States Code, states, in pertinent part, that "[a] cable operator may disclose [personally identifying information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

6.      Any information disclosed to Strike 3 in response to a subpoena may only

be used by Strike 3 for the purposes of protecting and enforcing its rights as set forth in

its complaint (Doc. 1).

DONE and ORDERED in Tampa, Florida, this 21st day of April 2021.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record